IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| DERRICK K. DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 10-0183-SSA-CV-W-MJW |
| ) | |
| MICHAEL J. ASTRUE, Commissioner, ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Claimant Derrick K. Davis seeks judicial review,[1] pursuant to 42 U.S.C. § 405(g) of a final administrative decision denying Supplemental Security Income (SSI) benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq.* The parties' briefs are fully submitted, and an oral argument was held on February 1, 2011. The complete facts and arguments are presented in the parties' briefs and will not be repeated here.

**Standard of Review**

In reviewing the administrative record, the court must sustain the Commissioner's decision if the findings are supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); Holley v. Massanari, 253 F.3d 1088, 1091 (8th Cir. 2001). The court may not, however, "rubber stamp" the Commissioner's decision, but must examine both the evidence that supports and detracts from the administrative determination. Piercy v. Bowen, 835 F.2d 190, 191 (8th Cir. 1987); Baker v. Barnhart, 457 F.3d 882, 892 (8th Cir. 2006).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1). See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995). To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he

---

[1] With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment." McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments. McMillian, 697 F.2d at 221.

**Discussion**

Claimant Derrick K. Davis (hereinafter "Davis") was born in January 28, 1984. Davis claims disability due to mental retardation. He was ten years old at his alleged onset date of disability, and twenty-five years old at the time of the administrative hearing. He dropped out of school in the eighth grade, and has not obtained a GED. While in school, Davis spent a notable amount of time in special education classes. At the age of twelve, the Social Security Administration found Davis was disabled due to his mental retardation, noting that his impairment was considered to be permanent with medical improvement not expected. Davis received disability benefits as a child until the age of eighteen.

Davis' was last employed as an order puller in a warehouse. He worked this job for approximately one week before being fired. The longest Davis has ever held a held a job was for four months while working for his uncle. Mr. Davis has never obtained a drivers license.

Davis alleges the Administrative Law Judge (ALJ) erred in failing to find his mild mental retardation to be a severe impairment at step two of the sequential evaluation process.

At step two of the evaluation process, the ALJ must make a determination as to whether plaintiff's mild retardation is severe. 20 C.F.R. § 416.920. An impairment is severe if it significantly limits an individual's ability to perform basic work activities. An impairment is not severe when medical and other evidence establish only a slight abnormality or combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work. (20 C.F.R. § 416.921) If the claimant does not have a severe medically determinable

impairment, he is not disabled. If the claimant has a severe impairment, the analysis proceeds to the third step of the evaluation process.

Here, there is no dispute that Davis is mildly retarded. All records clearly show he suffers from a mental intelligence deficit. The only issue is the degree to which he is retarded. The reports of two consultive physicians both indicate that Davis is mildly retarded, but these physicians were unable to determine the level of deficit because of his malingering. Based on these physicians inconclusive reports, and lack of valid IQ test scores, the ALJ found that Davis' mild retardation was not a severe impairment, and therefore, ended the analysis of disability at step two.

After carefully reviewing the record, this court finds that the administrative record is not sufficiently developed to make a determination as to Davis' disability. See Battles v. Shalala, 36 F.3d 43, 45 (8th Cir. 1994) (determination of when the Commissioner has failed to develop the record is made on a case-by-case basis). This case is, therefore, remanded for further development of evidence in the form of 1) the ALJ considering the evidence of Davis' disability beyond step two; 2) further attempts to find the 1996 SSI determination that Davis at age twelve was mentally retarded and permanently disabled with medical improvement not expected; and (3) consideration of further medical evidence, if available, to determine the extent of Davis' intellectual deficit. Accordingly,

IT IS ORDERED that, pursuant to Sentence 4 of 42 U.S.C. § 405(g), final judgment be entered reversing the decision of the Administrative Law Judge and remanding the case to the Commissioner for further consideration and development of the record.

Dated this 10th day of March, 2011, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*
MATT J. WHITWORTH
United States Magistrate Judge